IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BRIAN EDWARD CHRISTINE,

        Petitioner,

   v.

SUPERINTENDENT COURSEY,

        Respondent.

Civil No. 09-388-PA

OPINION AND ORDER

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of his underlying convictions for Custodial Interference, Robbery in the First Degree, and Unlawful Use of a Motor Vehicle. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In July 2000, petitioner, his wife, and three daughters aged six, three, and two were living in a converted school bus in southern Oregon. On July 21, 2000, the children were taken into state custody based upon allegations of neglect. A physician found the children to be emaciated, with the two-year-old weighing only 15 pounds. The middle child had a head wound and healing skull fracture caused when the father struck her for wetting the bed.

The placement of the children in state custody began a contentious battle between petitioner and the State. It culminated in petitioner confronting two social workers at gunpoint at an Oregon rest stop where he stole the workers' van and spirited his children away to Montana.

The children were ultimately located and returned to state custody, and a jury convicted petitioner of three counts of Custodial Interference, two counts of Robbery in the First Degree, and one count of Unlawful Use of a Motor Vehicle. Respondent's Exhibit 101. During sentencing, the trial court imposed gun

2 - OPINION AND ORDER

minimums on four of these convictions. Petitioner took a direct appeal, and the Court of Appeals affirmed the conviction in a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 105, 108, 111.

While this first direct appeal was pending, petitioner filed a motion seeking to modify his criminal Judgment. The sentencing court granted that motion to the extent that it imposed a gun minimum only as to a single count of Custodial Interference. Respondent's Exhibit 112. Thus, petitioner was ultimately sentenced to 60 months on the Count Eight Custodial Interference conviction (including the gun minimum), and to a consecutive Robbery sentence of 90 months (a mandatory minimum sentence in Oregon).

Petitioner appealed the modified sentence, arguing that his criminal history score was improperly reconstituted during his sentencing, thereby leading to a harsher sentence. The Oregon Court of Appeals disagreed and affirmed the trial court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 115, 116.

While the second appeal was pending, on December 22, 2004, the State filed its own motion to correct the second judgment to explicitly state that the sentence on the Count Eight Custodial Interference conviction was pursuant to ORS 161.610 as a gun minimum. Respondent's Exhibit 117. Petitioner opposed the motion,

3 - OPINION AND ORDER

and raised additional challenges to his sentence. The trial court granted the State's motion and rejected petitioner's responsive challenges. Petitioner again sought appellate review, and the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 120, 121.

Petitioner filed this federal habeas corpus action on April 15, 2009 raising the following grounds for relief:

1. The trial court violated petitioner's right to due process when it imposed the gun minimum on the Custodial Interference conviction (Count 8) instead of his Robbery conviction (Count 1);

2. The trial court improperly utilized Counts 1 and 2 to raise petitioner's criminal history score for purposes of counts 8, 9, 10, and 11 in violation of his right to due process; and

3. The State did not sustain its burden of proof when it failed to offer evidence of intent pertaining to the theft element of Robbery.

Respondent asks the court to deny relief on the Petition because: (1) all three grounds for relief were not fairly presented to Oregon's state courts, and are now procedurally defaulted; and (2) the claims lack merit.

### DISCUSSION

#### I. Unargued Claim

Respondent addressed petitioner's Ground Three claim in his Response, but petitioner has not supported Ground Three with any briefing. The court has nevertheless reviewed petitioner's

4 - OPINION AND ORDER

unargued claim on the existing record and determined that it does not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## II. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are

5 - OPINION AND ORDER

therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### A.   Analysis of Ground One

In Ground One, petitioner asserts that the trial court improperly applied a 60-month gun minimum to his Custodial Interference conviction in Count Eight when, instead, it should have applied the gun minimum to the Robbery conviction in Count One. To prove that he fairly presented the federal nature of this claim to Oregon's state courts, petitioner directs the court's attention to his Appellant's Brief from his second direct appeal wherein he cited *Walker v. Deeds*, 50 F.3d 670, 673 (9th Cir. 1995). But petitioner cited that case not in support of the merits of his

6 - OPINION AND ORDER

due process claim, but rather to support his argument that claim preclusion did not apply to criminal defendants:

> Oregon appellate courts have never applied claim preclusion in a criminal case, let alone applied the doctrine against a criminal defendant. The state offers no reason to extend the doctrine to apply against criminal defendants. Indeed, criminal defendants have strong liberty interests at stake in litigating sentencing challenges. As a matter of Due Process, this court should not foreclose to defendants the opportunity to avoid unlawful sentences. *See Walker v. Deeds*, 50 F3d 670, 673 (9th Cir 1995)(sentencing court's failure to comply with statutory sentencing authority violates Due Process).

Respondent's Exhibit 117, pp. 24-25.

Petitioner's citation to a single federal case in support of his argument against claim preclusion (and not in support of the merits of his due process claim) would not have alerted the Oregon Court of Appeals to the federal nature of his due process claim. To conclude otherwise would require the state appellate court to dissect and reorder individual sentences and citations from the Appellant's Brief so as to construct petitioner's federal argument for him. This is something which fair presentation does not contemplate. *See Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005) (exhaustion demands more than citation to a general constitutional provision, detached from any articulation of the underlying federal legal theory).

### B. Analysis of Ground Two

With respect to petitioner's Ground Two claim that the state court improperly reconstituted his criminal history score during

7 - OPINION AND ORDER

sentencing, petitioner clearly raised such a claim in his first Appellant's Brief, but relied exclusively on the interpretation of Oregon Administrative Regulations and Oregon state cases. Respondent's Exhibit 112, pp. 6-9.

Petitioner raised the claim again in his second direct appeal, again relying on Oregon Administrative Regulations and Oregon case law. Respondent's Exhibit 117, pp. 30-33. He did, however, provide a single citation to federal authority, but not while arguing the substance of this due process claim. Specifically, as an alternate argument, petitioner alleged that the reconstitution of his criminal history score during sentencing violated his Sixth Amendment right to a jury trial:

> Moreover, a defendant is entitled to a jury trial on whether charges arise out of the same or separate criminal episodes when that finding authorizes the sentencing court to impose a greater sentence. *State v. Ice*, 343 Or 248, 170 P3d 1049 (holding that criminal defendants have a Sixth Amendment right to a jury trial on whether charges arise out of the same or separate criminal episodes when that finding authorizes the imposition of consecutive sentences). Determining that defendant's criminal history score was B rather than I authorized the sentencing court to impose a greater sentence on Counts 8, 9, 10, and 11. Defendant did not have a jury trial on the factual findings that authorized the greater sentences. Accordingly, the trial court violated defendant's Sixth Amendment right to a jury trial in determining defendant's criminal history score.

*Id* at 32-33.

It is evident that petitioner's single federal citation did not pertain to any federal due process argument, but instead was predicated on an alternate Sixth Amendment theory regarding right

8 - OPINION AND ORDER

to a jury trial. As a result, petitioner failed to fairly present his Ground Two claim to the Oregon Court of Appeals.

Because petitioner may no longer present either his Ground One or Ground Two claims to Oregon's state courts, they are procedurally defaulted. Petitioner has not argued cause and prejudice, nor has he made a colorable showing of actual innocence sufficient to excuse his default. Relief on the Petition is therefore denied.

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __24__ day of January, 2011.

_____
Owen M. Panner
United States District Judge

9 - OPINION AND ORDER